IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**THOMAS H. FLUHARTY, in his**
**official capacity as Bankruptcy Trustee; et al.**
      **Plaintiffs,**

v.                                                                        Civil Action No. 1:14-cv-27
                                                                            The Honorable Irene M. Keeley

**CITY OF CLARKSBURG, a municipal**
**corporation and political subdivision; et al.**
      **Defendants.**

## ORDER/OPINION

This matter is before the Court pursuant to Plaintiffs' "Motion to Compel Disclosure," filed on July 29, 2014. (Docket No. 52.) Defendants filed their response on August 1, 2014. (Docket No. 55.) This matter was referred to the undersigned by United States District Judge Irene M. Keeley on July 30, 2014. (Docket No. 53.)

### I.    Relevant Procedural History

On February 17, 2014, Plaintiffs filed a Complaint against Defendants, alleging claims of civil rights deprivation under 42 U.S.C. § 1983, unlawful seizure of property without just compensation under the Fourth, Fifth, and Fourteenth Amendments, and various claims under West Virginia law. (Docket No. 1.) Defendants filed an Answer and a motion to dismiss on March 26, 2014. (Docket Nos. 7-9.) Plaintiffs filed an Amended Complaint on April 15, 2014. (Docket No. 13.) On April 29, 2014, the City of Clarksburg filed a motion to dismiss Plaintiffs' Amended Complaint. (Docket Nos. 18-19.) The remaining Defendants filed a motion to dismiss the Amended Complaint on June 12, 2014. (Docket Nos. 33-34.) Plaintiffs filed a response to the City of Clarksburg's motion to dismiss on June 12, 2014. (Docket No. 35.) The City of Clarksburg filed a reply on June 17, 2014. (Docket No. 38.) Plaintiffs filed a response to the remaining Defendants' motion to dismiss on June 23, 2014. (Docket No. 43.) A reply was filed on June 30, 2014. (Docket No. 45.) On July 14, 2014, Judge

Keeley entered an Order directing Plaintiffs to file a Second Amended Complaint by Friday, August 8, 2014; denying as moot without prejudice Defendants' motions to dismiss; designating the matter as a complex case; and ordering the parties "to submit pre-trial disclosures involving potential insurance coverage claims by **Monday, July 14, 2014**." (Docket No. 49.)

## II. Discussion and Conclusion

In their motion, Plaintiffs assert that Defendants have failed to comply with Judge Keeley's Order directing that the parties submit pre-trial disclosures involving potential insurance coverage claims by July 14, 2014. (Docket No. 52 at 1-2.) As Plaintiffs state:

> As of the filing of this Motion, the undersigned advises that no such pretrial disclosures have been made or provided to Plaintiffs and that the undersigned has had three (3) separate telephone conferences with counsel for Defendants regarding same. Initially, the undersigned, at the request of counsel for the Defendants, agreed to a short delay in the pretrial disclosures, but, as of this date, the required information and documentation concerning potential insurance coverage has not been provided. Plaintiffs are in the process of preparing the Second Amended Complaint as directed by the Court, and Defendants' insurance documentation required to be disclosed would be material and helpful to that process, as discussed with the Court during the telephonic hearing held on July 8, 2014.

(Id.) Plaintiffs request that the Court order Defendants to comply with the required disclosure. (Id. at 2.)

In their response, Defendants state as follows:

> On August 1, 2014, the Defendants, via counsel, received a copy of the at-issue insurance policy. Subsequently, the Defendants, via counsel, forwarded said policy to counsel for the Plaintiffs.
>
> As such, it appears as if the Plaintiffs' motion is now moot as the Defendants have supplied the sought after information.

(Docket No. 55 at 2.) Given Defendants representations, and absent any information to the contrary, Defendants' disclosure of the insurance policy renders Plaintiffs' motion moot.

In their motion, Plaintiffs also seek a "corresponding extension in the time period within which

2

to file the Second Amended Complaint." (Docket No. 52 at 2.) Defendants state that they "have no objection to providing Plaintiffs with additional time to file the necessary Amended Complaint." (Docket No. 55 at 2.) The Court has been advised the parties are entering in to a joint stipulation extending the time for filing the Second Amended Complaint. Upon receipt, the Court will review the same for its effect on the overall schedule of the case as set by the District Judge. If the stipulation is filed, it will moot the portion of Docket No. 52 which seeks and extension of time to file the Second Amended Complaint and an appropriate order or signing of the stipulation by the Court will follow.

### IV.  Order

For the foregoing reasons, Plaintiffs' "Motion to Compel Disclosures" (Docket No. 52) is **DENIED AS MOOT** to the extent it requests that the Court order Defendants to comply with the required disclosure of insurance information. The undersigned declines to rule on whether Plaintiffs should receive an extension of time within which to file their Second Amended Complaint.

The hearing scheduled for **Tuesday, August 5, 2014 at 1:00 p.m.** is hereby **CANCELLED**.

The Clerk is directed to remove Docket No. 52 from the docket of motions actively pending before the Court.

The Clerk is further directed to provide copies of this Order/Opinion to all counsel of record.

DATED: August 1, 2014

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE